IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**FREDERICK SMITH**                                                    **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 3:17-CV-40-MPM-RP**

**DESOTO COUNTY SHERIFF'S DEPT.,**
**SHERIFF BILL RASCO, DEPUTY CHARLES**
**MOHON, 4 UNKONWN DEPUTIES, et al.**                          **DEFENDANTS**

## ORDER STAYING CASE PENDING
## RULING ON MOTION TO DISMISS

Defendants, Desoto County Sheriff's Department, Sheriff Bill Rasco and Deputy Charles Mohon, have filed a Motion to Stay this case pending a ruling on their Motion to Dismiss asserting res judicata and/or claim preclusion. Docket 13. The subject lawsuit is plaintiff's sixth suit[1] filed in the last five years all concerning the same piece of property that has been foreclosed upon and from which plaintiff has been evicted. Four of the five previous lawsuits have been dismissed by this court and the fifth lawsuit is still pending. Plaintiff has subsequently filed a seventh lawsuit[2] related to the foreclosure of his home and a motion to dismiss is pending in it as well.

A district court has discretion to stay discovery "for good cause shown." Fed.R.Civ.P. 26(c). Good cause may exist when the party from whom discovery is sought demonstrates that it would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay.

---

[1]The previous five (5) lawsuits include the following:
    *Fred Smith v. Bank of America*, 2:11cv120-MPM-JMV;
    *Frederick and Tasha Smith v. Wells Fargo, et al.*, 3:14cv59-MPM-JMV;
    *Fred Smith v. Wells Fargo*, 3:15cv92-MPM-JMV;
    *Fred Smith v. Wells Fargo, Brunini, et al.*, 3:16cv92-SA-SAA; and
    *Smith v. Drinkwater, Desoto County Sheriff's Dept., et al.*, 3:16cv155-DMB-SA.

[2] The seventh (7th) lawsuit is *Fred Smith v. Bank of America*, 3:17cv71-MPM-RP.

*Id.* However, "the issuance of a stay is by no means automatic." *[Spencer Trask Software & Info. Servs. v. RPost Int'l.,](https://example.com)* [206 F.R.D. 367, 368 (S.D.N.Y.2002)](https://example.com) (quotation omitted). Yet it "may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense.' " *[Von Drake v. Nat'l Broad. Co., Inc.](https://example.com)* [No. 3-04-CV-0652-R, 2004 WL 1144142, *1, 2004 U.S. Dist. LEXIS 25090, *2 (N.D.Tex. May 20, 2004)](https://example.com) (quoting *[Landry v. Air Line Pilots Ass'n Int'l AFL-CIO,](https://example.com)* [901 F.2d 404, 436 (5th Cir.1990))](https://example.com).

The court has reviewed the record in this case as well as plaintiff's prior and subsequent lawsuits and plaintiff's response to the motion to stay filed by plaintiff and concludes that defendants established good cause to stay this matter. It appears the issues in this case have been litigated in prior cases multiple times over and defendants should not be required to incur the cost of discovery until such time as the pending motion to dismiss is ruled on. Therefore, defendants' motion to stay is **GRANTED**.

The case management conference and the attorney conference, disclosure requirements and all discovery are stayed pending a ruling on the defendants' Motion to Dismiss (Docket 8), including any appeal. Counsel is directed to notify the undersigned within seven days of a ruling on the motion to dismiss.

SO ORDERED, this the 4th day of May, 2017.

/s/ Roy Percy  
UNITED STATES MAGISTRATE JUDGE