IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**FREDERICK SMITH**                                                                     **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO. 3:17-CV-40-MPM-RP**

**DESOTO COUNTY SHERIFF'S DEPT.,**
**SHERIFF BILL RASCO, DEPUTY CHARLES**
**MOHON, 4 UNKONWN DEPUTIES, et al.**                                **DEFENDANTS**

## **MEMORANDUM OPINIONAND ORDER**

This matter comes before the Court on Defendants DeSoto County Sheriff's Department ("DeSoto"), Sheriff Bill Rasco ("Rasco"), and Deputy Charles Mohon's ("Mohon") *Motion to Dismiss* [8]. Defendants assert that this suit is not the first that Plaintiff Frederick Smith "Smith" has brought before this Court, and move that this Court dismiss the case under the doctrine of *res judicata.*

### **Procedural Background**

Magistrate Judge Percy noted in his *Order Staying Case Pending Ruling on Motion to Dismiss* in this case that "[t]he subject lawsuit is Plaintiff's sixth suit filed in the last five years all concerning the same piece of property that has been foreclosed upon and from which the plaintiff has been evicted" [18]. In addition, Plaintiff has filed a seventh suit regarding this same subject matter, which is pending following a Motion to Dismiss.[1]

---

[1] The six other lawsuits include the following:
    *Fred Smith v. Bank of America*, 2:11cv120-MPM-JMV;
    *Frederick and Tasha Smith v. Wells Fargo, et al.*, 3:14cv59-MPM-JMV;
    *Fred Smith v. Wells Fargo,* 3:15cv92-MPM-JMV;
    *Fred Smith v. Wells Fargo, Brunini, et al.,* 3:16cv92-SA-SAA; and
    *Smith v. Drinkwater, Desoto County Sheriff's Dept., et al.*, 3:16cv155-DMB-SA.
    *Fred Smith v. Bank of America*, 3:17cv71-MPM-RP

These lawsuits all concern the eviction of Plaintiff from his home located at 7601 Broken Hickory Drive, Walls, MS 38680. As summarized by Magistrate Judge S. Allan Alexander in her *Report and Recommendation* regarding Plaintiff's 2016 *Smith v. Drinkwater, Desoto County Sheriff's Dept., et al.* suit, "[t]he bottom line is that plaintiff, who had been living in the residence on the property at issue since before the first lawsuit he filed in this court in 2011, up until his eviction on May 26, 2016 wants to continue to live in the house despite multiple adjudications that foreclosure was appropriate, and despite the fact that foreclosure sale and eviction now has occurred."[2]

The first of the suits arising from this matter before the Northern District, *Smith v. Bank of America*, was before this Court in 2011. That case was dismissed with prejudice for failure to state a claim. The second and third of the cases, *Smith v. Wells Fargo, et al.* and *Smith v. Wells Fargo*, were both dismissed by this Court in 2015 as barred by *res judicata*. In the first of the suits against Wells Fargo, this Court informed the Plaintiff that "any future lawsuits on this issue will be subject to summary dismissal and, potentially, monetary sanctions."[3]

The fourth suit, *Smith v. Wells Fargo, Brunini, et al.*, was dismissed by Judge Sharion Aycock, who additionally barred the Plaintiff from filing future *in forma pauperis* actions without first seeking leave to file from a district judge of this Court. The fifth suit appeared before District Court Judge Debra Brown, who also barred Smith from further applying *in forma pauperis* in future suits before this Court. Further, Judge Brown informed Smith that "if [he] elects to pay the filing fee and proceed with this action," then he will be "taxed with the costs, including reasonable attorney's fees, incurred by the defendants," should the claim be proven to

---

[2] *Smith v. Drinkwater, Desoto County Sheriff's Dept., et al.*, 3:16cv155-DMB-SA., [Docket # 4, Page 4]

[3] *Frederick and Tasha Smith v. Wells Fargo, et al.,* 3:14cv59-MPM-JMV [Docket # 35, Page 5]

be duplicative or frivolous.[4] Plaintiff Smith has not yet paid the filing fee in that suit following the Judge's order, and the case is subject to dismissal.

The sixth suit in the series is the instant suit currently before the Court. The seventh is still pending before this Court, but a motion to dismiss has been filed against Smith by the Defendants in that case as well. The present suit was properly removed from state court on February 21, 2017 by the Defendants. On March 7, 2017, the Defendants filed their Motion to Dismiss and Memorandum in Support, asking that the claims presented by the Plaintiff be precluded by the doctrine of *res judicata.*

### FRCP Rule 12(b)(6) Standard

Before the Court can grant a motion to dismiss, the Defendants must show that Plaintiff has not met the relevant pleading standard to state a claim. Defendants must show that Plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plaintiff's complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" will not suffice. *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir.2011) (quoting *Twombly*, 550 U.S. at 555 (2007)).

This Court has previously recognized that "the purpose of a Rule 12(b)(6) motion [is] to test the formal sufficiency of the statement for relief; it is not a procedure to be invoked to resolve a contest about the facts or the merits of a case." *Edwards v. Coldwell Banker Real Estate Corp.*, 2006 WL 2404718, *1 (N.D. Miss. Aug. 18, 2006) (citing *Murray v. Amoco Oil*

---

[4] Smith v. Drinkwater, Desoto County Sheriff's Dept., et al., 3:16cv155-DMB-SA. [Docket #6, Page 4]

*Co.*, 539 F.2d 1385 (5th Cir. 1976)). "When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint." *Gatheright v. Barbour*, 2017 WL 507603, *3 (N.D. Miss. Feb. 6, 2017) (citing *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216-17 (5th Cir. 2014) (per curiam)) (additional citation omitted). It is the responsibility of the Court to now determine "whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (additional citations omitted).

## Discussion

Returning to the motion at hand, the Defendants have moved for dismissal under Rule 12(b)(6) under the argument that the claims presented by the Plaintiff are barred by claim preclusion/*res judicata*, and hence no valid claims are presented in the motion. Under Mississippi law, "[t]he doctrine of res judicata bars parties from litigating claims 'within the scope of the judgment' in a prior action." *Hill v. Carroll Cty.*, 17 So.3d 1081, 1084 (Miss. 2009) (quoting *Anderson v. LaVere*, 895 So.2d 828, 832 (Miss. 2004)). The doctrine is one of public policy "designed to avoid the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions." *Id.* (quoting *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So.2d 224, 232 (Miss. 2005)).

"[T]he doctrine of res judicata requires four identities to be present before it applies: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." *Id.* (citing *Harrison*, 891 So.2d at 232). "If these four identities are present, the parties will be prevented from relitigating all issues tried in the prior lawsuit, as well

as all matters which should have been litigated and decided in the prior suit." *Anderson*, 895 So.2d at 832 (citing *Pray v. Hewitt*, 179 So.2d 842, 844 (Miss. 1965)) (additional citation omitted).

The Mississippi Supreme Court has referred to the first identity—the subject matter of the action—as "identity in the thing sued for" or "the substance of the lawsuit." *Hill*, 17 So.3d at 1085 (citations omitted). The subject matter presented by Smith in the present action and the six other actions filed by Smith in the past six years all pertain to the same foreclosure and the subsequent circumstances which led to his eviction from that piece of property.

The second identity of *res judicata* requires the plaintiff's cause of action in both actions to be the same. The Mississippi Supreme Court has defined "cause of action" as "the underlying facts and circumstances upon which a claim has been brought." *Id.* (citing *Black v. City of Tupelo*, 853 So.2d 1221, 1225 (Miss. 2003)). This requirement is also satisfied here, as Smith has filed a total of seven suits which pertain to the foreclosure and eviction process which removed him from his property and home.

Next, there must be identity of the parties. This requirement is also satisfied. In this case, identity of the parties is met because Smith previously named both Desoto County and Mahon as defendants in one of his previous suits, *Smith v. Drinkwater, Desoto County Sheriff's Dept., et al.*, 3:16-cv-155-DMB-SA, filed in July 2016.

Finally, there must be identity of the quality and character of a person against whom the claim is made. Frankly, Mississippi law does not provide a clear explanation of this requirement. *See Hill*, 17 So.3d at 1087 ("[T]his Court has not explicitly defined the identity of the quality or character of a person against whom the claim is made[.]"). In practice, this requirement is often conflated with the third requirement. *See, e.g., City of Tupelo*, 853 So.2d at 1225 (specifically

stating that four identities must be satisfied but treating the fourth identity as a coextensive part of the third identity); *Taylor v. Taylor*, 835 So.2d 60, 65 (Miss. 2003) (noting four identities but discussing only identity of the parties and cause of action).

This Court has determined, from this analysis, that Frederick Smith has sued regarding the same event on multiple occasions, and that the Defendants' motion to dismiss must be granted under the law. On more than one occasion, this Court has informed Smith of the issues with re-litigating this same set of circumstances, but Smith has continued to file similar suits in this Court and in the state court system.

Accordingly, it is hereby, ORDERED that Defendants' *Motion to Dismiss* [8] is GRANTED. A separate judgment will be ordered this date, pursuant to Fed. R. Civ P. 58.

This the 14th day of August, 2017.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**