IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

FREDERICK SMITH                                                                    PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:17-CV-40-MPM-RP

DESOTO COUNTY SHERIFF'S DEPT.,
SHERIFF BILL RASCO, DEPUTY CHARLES
MOHON, 4 UNKONWN DEPUTIES, et al.                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

These matters come before the court on the plaintiff Frederick Smith's motion to void judgment order [27], motion for recusal [34], and motion for counter-sanctions against counsel [30]. The defendants have not responded to any of the three motions currently before the court. The court has considered these motions, as well as the applicable law, and is now prepared to rule.

**Background**

The plaintiff Frederick Smith was evicted from his home located at 7601 Broken Hickory Drive, Walls, Mississippi 38680. Prior to the instant cause, multiple adjudications have found that the foreclosure and subsequent eviction of the plaintiff from the property was valid, yet the plaintiff filed no less than seven causes of action centering on this property and its foreclosure or his eviction from the property. The instant cause has been adjudicated in favor of the defendants under the doctrine of res judicata, and sanctions have been issued against the plaintiff for filing frivolous and vexatious pleadings.

# Discussion

## A) Motion to Void Judgment Order

Under Rule 59 of the F.R.C.P., a motion to alter or amend a judgment must be filed no later than twenty-eight (28) days after the entry of the judgment. Final judgement in the present cause was entered on August 14, 2017, and the instant motion to void that final judgment was filed in the docket on September 20, 2018, thirty-seven (37) days after the issuance of the final judgment order. However, even though the plaintiff is beyond the twenty-eight (28) day deadline imposed by Rule 59, the motion could still be granted under Rule 60, should the statute apply. A motion made under Rule 60 must be made within a reasonable time, but not more than one year after the date of the entry of the judgment for three of the six provided allowable reasons. Fed. R. Civ. Pro. 60(c)(1).

The court has read the entirety of the plaintiff's thirty-one (31) page motion to void judgment, and is prepared to assess the merits of that motion under Rule 60 of the Federal Rules of Civil Procedure. Rule 60 allows that this court *may* issue an order relieving a party from a final judgment on motion with just terms for any of the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) The judgment is void;
(5) The judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) Any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b)

1. <u>Mistake, Inadvertence, surprise, or excusable neglect</u>

No mistake was made on the part of the court, and review of the plaintiff's motion does not alter the court's opinion in any way regarding the final judgment that was reached. The court did not act in carelessness, nor did the court act with any neglect. Rather, the court's opinion was soundly reached given the facts provided, and given that the plaintiff has brought forth substantially similar cases many times over, that have each resulted in similar adjudications in this district.

2. <u>Newly discovered evidence</u>

The plaintiff does not allege that any new evidence has been discovered. He merely asserts the same and similar documents and arguments from earlier filings in order to reiterate previously argued concepts.

3. <u>Fraud</u>

The plaintiff does allege fraud in his motion to void judgment stating, "Why dis [sic] Desoto County Sheriff Department allow Officers Mohon, Post, Perkins, Hendriks to use 'intentional' false and misleading representation of a detainer warrant […]?" However, this is an argument which the plaintiff has mentioned before the instant motion. In the plaintiff's March 21, 2017 filing, he also referenced what he called "a bogus fraud detainer warrant,[1]" referring to the same warrant mentioned in the instant motion. This allegation of fraud is not new, and it does not assert any new facts upon which the court would be persuaded to change its ruling and final judgment.

---

[1] Plaintiff's "Motion to Dismiss the Defendant's Motion to Dismiss & Memorandum in Support", March, 21, 2017, Page 1

4. <u>Judgment is void</u>

Although the plaintiff writes "Judgement voided…" [sic.] across the top of the Final Judgment within his motion to void judgment order, that action does not automatically render the judgment void. Rule 60(c)(2) states that "the motion does not affect the judgment's finality or suspend its operation." Fed. R. Civ. Pro. 60(c)(2). As such, the plaintiff's attempt to void the final judgment with or by his motion does not invalidate the final judgement issued by the court, nor does it have any effect on the execution of that final judgment.

5. <u>The judgment has been satisfied, released or discharged</u>

The court has not released or discharged the plaintiff of his final judgment and his judgment is not one that can be released simply by satisfying the monetary amount. The plaintiff has a history of filing vexatious motions and has had multiple cases dismissed under the doctrine of res judicata regarding the same or similar set of facts alleged within this cause of action. He has not been released from this judgment, and the court is not aware of any case with similar facts in this district where he has been released of his judgment; the plaintiff certainly has not furnished facts establishing such.

6. <u>Any other reasons</u>

As for the plaintiff's instant motion, it does not assert any of the Rule 60 elements directly, but rather spends the majority of his verbose motion discussing actions taken by District Judge Aycock and Magistrate Judge Percy in a different cause of action, where the plaintiff filed a motion for default judgment. The plaintiff continuously mentions the dismissal of that default judgment motion, even though it is not relevant to the instant cause, and such a motion was never filed in this civil action.

It is the opinion of this court that the plaintiff has not demonstrated that any of these elements have been met, or that reversal of the final judgment is merited under Rule 60. For these reasons, the plaintiff's motion to void the final judgment order is denied.

**B) Motion for Recusal**

In the plaintiff's motion for recusal, he asserts that this court improperly denied his motion to cancel the hearing regarding sanctions against him by the defendants, as his motion was filed "well before 14 days" and as the plaintiff "has never filed a request for time or continuance and the present motion for time will not prejudice the other parties and is not intended for delay." However, the plaintiff did not file his motion to cancel the hearing for sanctions against him "well before 14 days" prior to the hearing. Rather, the motion was filed on September 26, 2017, with the hearing set to take place only two days later on September 28, 2017. On such short notice—two days before the defendants' hearing—the court felt the intention of the motion was, in fact, to cause delay.

The defendants moved for sanctions against the plaintiff according to Rule 11 of the Federal Rules of Civil Procedure on September 5, 2017. Rule 11 states, "the court may impose an appropriate sanction on any […] party" where violates Rule 11(b), including claims filed "for any improper purpose," "to harass" other parties or the court, or when frivolous arguments are presented. Fed. R. Civ. Pro. 11(b) and 11(c). "Notice and a reasonable opportunity to respond" were provided to Smith in the form of a "Notice of Hearing" filed by the Clerk of Court on September 13, 2017, setting the Hearing for September 28, 2017. Fed. R. Civ. Pro 11(c)(1).

While the plaintiff filed other frivolous motions after the hearing was set, he did not respond directly to the motion for sanctions or the hearing notice until he filed an untitled document

on September 26, 2017, a mere two days before the date of the hearing. That document was taken by the court as a motion to cancel the hearing. On September 27, 2018, this court denied the plaintiff's motion to cancel the hearing as untimely, given that Smith filed the motion only two days before the scheduled hearing. A member of chambers' staff contacted Smith to give him advance notice that his motion to cancel the hearing had been denied, and was able to reach Smith via telephone. Additionally, chambers staff offered to email the Order to the plaintiff, but he did not accept that offer.

The statute governing when federal judges should recuse themselves begins with the following: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. 455(a). However, there is no reason in the instant cause of action for this court to recuse itself, and no evidence that this court has acted improperly or with prejudice towards any party in this matter. Therefore, the plaintiff's motion for recusal is denied.

### C) Motion for Counter-Sanctions

In addition to the two above-mentioned motions, the plaintiff also filed the instant counter motion for sanctions against the opposing party. Rule 11(c)(2) of the F.R.C.P. states that "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. Pro. 11(c)(2). Moreover, "notice and a reasonable opportunity to respond" must be given to an offending party if "the court determines that Rule 11(b) has been violated." Fed. R. Civ. Pro. 11 (c)(1). At that point, the court may impose appropriate sanctions against the attorney, law firm, or party that violated the rule or is responsible for the violation. *Id.*

Rule 11(b) of the F.R.C.P. states the following:

> By presenting to the court a pleading, a written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reason under the circumstances:
>
> (1) it is not being presented for any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. Pro. 11(b)

It is the opinion of this court that the defendants have not acted in such a way as to violate any of the given circumstances under Rule 11(b), and that the plaintiff has not clearly identified any set of facts to prove otherwise. The defendants and their counsel did not act improperly or in such a manner as to harass the plaintiff, or such was not witnessed by the court. Plaintiff argues that defense counsel "individually ignored, Federal Law and State Law in regards to foreclosure," but it does not appear that the counsel, Mr. Allen, was counsel for the defense during the foreclosure process. In fact, the Desoto County Sheriff's Department would not have a say in the foreclosure process, but, rather, the plaintiff's bank would. However, Mr. Smith's cause of action against the bank handling his foreclosure, Wells Fargo, has already been adjudicated.

The plaintiff also states that "Defendants have participated in a scheme of fraud to steal petitioner's property," yet there is no evidence that the property was stolen, or that the officers on site that day acted improperly. Regardless, this allegation does not carry

7

enough weight to issue sanctions against any defendant. The plaintiff also calls for sanctions against counsel for the defendants for "the fraud they have committed and are trying to pass it off to this court that they followed the law […]" Again, there are no grounds for sanctions on this issue, as there were not on any of the other issues brought forth by the plaintiff. The defendants and their counsel have not acted improperly, nor will this court issue sanctions against them for the aforementioned, unwarranted matters. Therefore, the plaintiff's motion for counter-sanctions is denied.

Accordingly, it is hereby ORDERED that the plaintiff Frederick Smith's motion to void judgment order [27], motion for recusal [34], and motion for counter-sanctions against counsel [30] are each DENIED.

SO ORDERED, this the 23rd day of April, 2018.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE NORTHERN DISTRICT OF MISSISSIPPI**